BAKER v. REEVES et al.

(Circuit Court, D. Washington, N. D.  February 3, 1898.)

1. TRANSFER OF STOCK IN NATIONAL BANK—INSOLVENCY OF BANK—LIABILITY FOR ASSESSMENTS.

   A stockholder in a national bank, with knowledge that the bank is in a failing condition, cannot make a voluntary transfer of his stock to one financially irresponsible, and thereby escape liability for assessments.

2. SAME—INSOLVENT BANK—LIABILITY OF OWNER OF STOCK AT TIME OF FAILURE.

   The owner by assignment of stock in a national bank at the time of its failure is liable for assessments thereon, though his assignor, who transferred it knowing that the bank was in a failing condition, is also liable.

This was a suit in equity by Charles H. Baker, as receiver of the Merchants' National Bank of Seattle, against W. H. Reeves, Minnie Reeves, and Ira Bronson, to recover an assessment on certain shares of stock in the bank.

Stratton, Lewis & Powell, for plaintiffs.
Boyd J. Tallman, for defendants.

HANFORD, District Judge.  The object of this suit is to hold each of the defendants liable for an assessment upon stock of which the defendant William H. Reeves was owner, and which he transferred to his daughter, Minnie Reeves, and subsequently held as her assignee or agent.  In that capacity he transferred part of it to the defendant Bronson.

At the time of the first transfer, William H. Reeves was a director of the bank, and fully informed as to its condition.  It was a time of general financial depression, and it was difficult to keep on hand the amount of money required as a reserve fund to meet the demands of the depositors, and to maintain the credit and standing of the bank. Minnie Reeves is the daughter of William H. Reeves, and at the time owned no property, and was dependent on him for support, and was a student in college.  William H. Reeves voluntarily, and without any request from his daughter, or consideration, transferred the stock to her, and immediately thereafter she indorsed the certificates and left them in his keeping.  I am convinced that at the time of making the transfer of stock to his daughter, Mr. Reeves hoped and believed that the bank would survive, and that his present would be a benefit, rather than an incumbrance, to his daughter; but the bank was in a failing condition, and there was then ground to apprehend that it would become insolvent, and be compelled to go out of business.  With knowledge of its condition, he could not transfer the stock to a person financially irresponsible, and thereby escape the liability of a shareholder for assessments to meet the demands of creditors.  Bowden v. Johnson, 107 U. S. 251–264, 2 Sup. Ct. 246.  The defendant Bronson, having received the stock, and being the holder of it at the time of the failure of the bank, is liable for the assessment; and, for the reasons stated, the defendant William H. Reeves is also liable.

Upon the authority of the case of Gilbert v. Van Arman, Fed. Cas.

No. 5,414, I overrule the defendants' objection to the evidence on the ground that the same was not taken in time. A decree will be entered according to the prayer of the bill.